IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

AARON C. STULTS (01),

    Defendant.

Case No. 21-cm-80189-01-DDC

## MEMORANDUM AND ORDER
## DENYING MOTION TO TERMINATE SUPERVISED RELEASE

Defendant has moved to terminate his term of supervised release (TSR). *See* Doc. 5. In short form, Mr. Stults pleaded guilty in 2008 in the Southern District of Florida to two felony charges: (1) enticement of a minor; and (2) carrying or possessing a firearm during and in relation to a crime of violence. Doc. 1-1 at 5 (CM/ECF docket for underlying Florida case). The Florida federal court imposed a controlling custody term of 180 months and a ensuing term of supervision lasting the balance of Mr. Stults's natural life. Doc. 1-3 at 2–3 (Judgment in Florida case). The United States asserts that defendant's arrest followed Mr. Stults arranging to meet a person he believed was a 14-year-old girl who was planning to spend the night in a nearby hotel. But the person communicating with Mr. Stults wasn't a 14-year-old. She was a detective working for the Port St. Lucie (Florida) Police Department. Doc. 7 at 1–2. When defendant arrived at the arranged meeting point, his car contained—again, according to the United States— "lubricant, condoms, a digital camera, and a loaded firearm." *Id.* at 2.

Mr. Stults began his TSR in March of 2021, and the Florida federal court transferred his case to this judicial district. Doc. 1. The United States opposes the current motion to terminate

(Doc. 7), noting that though Mr. Stults has complied with his conditions of supervision, but the United States Probation Office (USPO) still opposes early termination.[1]

The court enjoys substantial discretion when it decides whether to terminate a TSR earlier than its natural expiration. *See* 18 U.S.C. § 3583(e)(1). The controlling statute directs the sentencing court to decide whether early termination "'is warranted by the conduct of the defendant released and the interest of justice.'" *See Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012) (quoting 18 U.S.C. § 3583(e)(1)). After considering the pertinent factors identified in § 3553(a), the court concludes that those factors, on balance, simply don't support termination at this early stage. Nonetheless, the court hopes that Mr. Stults will continue his positive trend and, if he does, will consider a renewed motion once he successfully completes more time on supervision. While the court is pleased to learn that Mr. Stults is performing well on supervision, the crime of conviction is simply too serious and the danger to the public is simply too profound to discontinue supervision after just two years. Regrettably, the court properly can't establish a definitive, forward-looking length of supervision that might justify a renewed motion. But the court can report that two years is too soon to terminate a lifetime TSR on this defendant's characteristics and history.

**THEREFORE,** it is hereby ordered that defendant Aaron Stults's Motion to Terminate Defendant's Term of Supervised Release (Doc. 5) is denied for reasons explained in this Order.

**IT IS SO ORDERED.**

**Dated this 23rd day of June, 2023, at Kansas City, Kansas.**

                                          **s/ Daniel D. Crabtree**
                                          **Daniel D. Crabtree**
                                          **United States District Judge**

---

[1] According to the government, USPO never supports early termination in sex offense cases. Doc. 7 at 2–3. The government also clears up some conflicting statements in defendant's motion about the USPO's position. *Id.* at 3, n.1.