IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AARON C. STULTS (01),<br><br>Defendant. | Case No. 21-cm-80189-01-DDC |

**MEMORANDUM AND ORDER**
<u>**DENYING RENEWED MOTION TO TERMINATE SUPERVISED RELEASE (Doc. 10)**</u>

Defendant again has moved to terminate his term of supervised release (TSR).  *See* Doc. 10.  He filed his renewed motion a little more than one year after the court denied his first motion to terminate early.  *Compare* Doc. 10 (filed July 16, 2024) *with* Doc. 8 (Memorandum and Order Denying Motion to Terminate Supervised Release, entered June 26, 2023).

In abbreviated fashion, the current iteration of the motion comes from defendant's 2008 crimes in Florida.  Mr. Stults pleaded guilty in the Southern District of Florida to two felony charges:  (1) enticement of a minor; and (2) carrying or possessing a firearm during and in relation to a crime of violence.  Doc. 1-1 at 5 (CM/ECF docket for underlying Florida case; Doc. 1-3 (identifying counts to which Mr. Stults pleaded guilty)).  The Florida federal court imposed a controlling custody term of 180 months and an ensuing term of supervision lasting the balance of Mr. Stults's natural life.  Doc. 1-3 at 2–3 (Judgment in a Criminal Case, entered in Florida case).  The United States asserts that defendant's arrest and conviction followed him arranging to meet someone he believed was a 14-year-old girl planning to spend the night in a nearby hotel.  Doc. 12 at 1–2 (Government's Response).  But the person communicating with Mr. Stults wasn't a 14-year-old girl—he was a detective working for the Port St. Lucie (Florida) Police Department.  *Id*.

When defendant arrived at the arranged meeting point, his car contained—again, according to the United States—"lubricant, condoms, a digital camera, and a loaded firearm." *Id.* at 2. Mr. Stults doesn't challenge any of the government's statements about his offense conduct.

Once his custody term completed, Mr. Stults began his TSR in March of 2021. About a month later, the Florida federal court transferred his case to our court. Doc. 1. The United States opposes the current motion to terminate (Doc. 12). Its Response notes that Mr. Stults has complied with his conditions of supervision, but the United States Probation Office (USPO) still opposes early termination.[1]

The court enjoys substantial sentencing discretion when it decides whether to terminate a term of supervision before its natural expiration. The controlling statute directs the sentencing court to decide whether early termination "'is warranted by the conduct of the defendant released and the interest of justice.'" *See Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012) (quoting 18 U.S.C. § 3583(e)(1)). Section 3583(e) also identifies the factors courts should consider when exercising this discretion.

After examining all the specified factors, they simply don't favor, on balance, early termination for Mr. Stults. It's evident that he has performed well during his supervision so far, and the court commends the defendant for his conduct. But both the seriousness of his offense conduct and the length of his sentence strongly disfavor terminating a lifetime term after just four years. And while it certainly would simplify future proceedings, the court declines to predict the future. The court can't say when it would look favorably on a renewed motion. Too much depends on the unknown—particularly how defendant will perform in future days.

---

[1] The government asserts that USPO policy never recommends early termination in sex offense cases. Doc. 12 at 3.

A final thought for Mr. Stults and his counsel to consider: the complaints about how his conditions affect his goals and plans isn't persuasive. *See* Doc. 10 at 6–7 (asserting his *current* conditions mean "he can't pursue job opportunities in another state or even on the Missouri side of the Kansas City area[;]" he can't see out-of-state family members; he can't visit "several elderly family members who he would like to see again before their passing[;]" and he can't secure life insurance). This argument doesn't help Mr. Stults's case. A sad truth of our criminal justice system is that the punishment for crimes often displaces people's lives. That's true for offenders and victims alike. It's equally certain that it was Mr. Stults's decisions—committing two felonies, and one of them so serious it mandated a consecutive five years in prison—that led to the displacements at issue here. Just as importantly, Mr. Stults has other options available to him. He can move to modify his conditions, or even ask the court to eliminate (or narrow) some conditions causing him the greatest discomfort. He's not pursued that alternative, so his displaced aspirations don't do much to advance his request to terminate supervision altogether.

**THEREFORE, IT IS HEREBY ORDERED THAT** defendant Aaron Stults's Motion to Terminate Supervised Release (Doc. 10) is denied for the reasons explained in this Order.

**IT IS SO ORDERED.**

**Dated this 4th day of February, 2025, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**